[No. 10758. Department Two. May 13, 1913.]

M. F. FORSYTH et al., Respondents, v. THE CITY OF SEATTLE, Appellant.[1]

MUNICIPAL CORPORATIONS—CONSOLIDATION—PROPERTY—LIABILITIES. In the absence of statutory regulation, upon the annexation of a city, the property and assets of the merged city become the property and assets of the other, free from any trust to apply it in payment of debts upon such property; and Rem. & Bal. Code, § 7459, providing that no property within either of the consolidated cities shall be taxed to pay any portion of the indebtedness of either, contracted prior to consolidation, does not impress the property with any such trust.

[1]Reported in 132 Pac. 224.

SAME—LIMITATION OF INDEBTEDNESS—DEDUCTION OF CASH ASSETS.
The constitutional limitation upon municipal indebtedness of one
and one-half per cent of the assessed valuation, is to be determined
by deducting cash assets, such as money on hand and taxes due.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered July 8, 1912, in favor of the
plaintiffs, after a trial on the merits before the court, in an
action to enjoin the collection of a tax. Reversed.

*James E. Bradford, Ralph S. Pierce,* and *C. B. White,* for
appellant.

*Chas. H. Ennis* and *Fenley Bryan,* for respondents.

FULLERTON, J.—The city of Georgetown was annexed to
the city of Seattle on April 4, 1910. At that time it had
property consisting of cash in its treasury in the sum of
$12,752.99, taxes due and unpaid in the sum of $14,601.98,
and municipal buildings and certain personal property of the
probable value of $28,000, all of which upon the annexation
was turned over to the city of Seattle. The city of George-
town was at that time indebted in the form of outstanding
warrants in a sum which approximated in principal and in-
terest $56,000. After the annexation, the city of Seattle
issued bonds which were made a charge against the taxable
property of the former city of Georgetown, in the sum of
$46,000, and with the moneys received from the sale thereof
liquidated debts incurred by that city to that amount. There
remained after this liquidation, in principal and accrued in-
terest, debts in the sum of $17,445, which sum the city paid
from its general fund. In October, 1911, the city of Seattle
levied a tax of six mills on the dollar against the property
of the former city of Georgetown for the purpose of reim-
bursing itself for the money advanced to pay the last men-
tioned indebtedness, and this action was thereafter begun to
enjoin the collection of the tax. After a hearing upon the
merits, the court entered a decree enjoining the collection of

the tax in so far as it was made a lien upon the respondents'
property, and the city has appealed.

The learned trial judge rested his decision on the ground
that the city of Seattle was obligated to apply the property
it received from the former city of Georgetown to the liquida-
tion of that city's debt, and that its failure so to do was a
misappropriation of such property. We have not been able,
however, to yield our assent to this conclusion. It is a gen-
eral rule that, in the absence of statutory regulation, where
one municipal corporation is merged into and its territory
annexed to another, the property and assets of the merged
corporation become the property and assets of the other;
and, conversely, the debts and liabilities of the merged corpo-
ration become the debts and liabilities of the other. The rule
applies to all property of whatever character it may be,
whether money in hand or collectible, and to all legal debts
and liabilities whatever their kind and nature. It is, of
course, within the power of the legislature to regulate the
disposition of property under such circumstances. It may
provide, if it sees fit, that it shall be applied to debts of the
annexed municipality, or disposed of in some other manner;
but in the absence of such regulation, the rule is that the
surviving municipality takes the property absolutely. Our
legislature has not attempted to regulate the disposition of
property taken under such circumstances. The only pro-
vision in the statute on the subject is, "that no property
within either of the former corporations so consolidated
shall be taxed to pay any portion of any indebtedness of either
of the other of such corporations, contracted prior to, or
existing at, the date of such consolidation" (Rem. & Bal.
Code, § 7459); and this, while it regulates the manner of pro-
viding for the debts of each of the consolidated corporations,
impresses no trust for the payment of debts upon the prop-
erty turned over at the time of the consolidation. It is clear,
therefore, that the city of Seattle, on the consummation of
the merger, became vested with an absolute title to all of the

property of the former city of Georgetown, subject to no trusts or conditions whatsoever. It is also clear that it could deal with the property as its own, and that the courts are without power to impress a trust upon it, to direct that it be applied to any particular purpose. It follows that the judgment of the trial court cannot rest on the ground that the city was obligated to apply the property to the satisfaction of the debt for which the tax levy was made.

The brief suggests another ground upon which it is thought the judgment can rest. In the evidence introduced at the trial, it appeared that the indebtedness of the city of Georgetown exceeded one and one-half per centum of its assessed valuation by the amount which this tax was levied to pay, and from this fact it is concluded that the indebtedness is illegal and uncollectible because in excess of the constitutional limitation. But this court has held that, in determining whether a municipality has exceeded its limit of indebtedness, its cash assets, such as money on hand and taxes due, may be deducted from the amount thereof. Tested by this rule, the city of Georgetown was not indebted beyond its constitutional limit at the time it was merged into the city of Seattle, as its indebtedness less its cash assets did not exceed the one and one-half per centum of its assessed valuation.

The judgment appealed from is reversed, and the cause remanded with instructions to enter a judgment in favor of the city of Seattle to the effect that the plaintiff take nothing by its action, and for costs.

CROW, C. J., MAIN, ELLIS, and MORRIS, JJ., concur.